United States District Court
Southern District of Texas
**ENTERED**
February 10, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOUSTON FOOD NOT BOMBS, SHERE DORE, PHILLIP PICONE, and ALIENE ADAMS<br><br>Plaintiff,<br>v.<br><br>CITY OF HOUSTON, TEXAS,<br><br>Defendant. | CASE NO. 4:19-CV-1661 |

# ORDER

Pending before the Court is Defendant City of Houston's Motion to Dismiss. (**Instrument No. 11**).

## I.

This case arises from a dispute between Plaintiffs Houston Food Not Bombs, Shere Dore, Philip Picone, and Aliene Adams (collectively "Plaintiffs") and Defendant City of Houston ("Defendant"). (Instrument No. 9). Plaintiffs are an unincorporated organization and three affiliated individuals who share food with members of their community. (Instrument No. 9 at 2). On July 1, 2012, the City of Houston enacted the following ordinance (the "Ordinance"):

> It shall be unlawful for any organization or individual to sponsor or conduct a food service event on public or private property without the advance written consent of the public or private property owner or other individual with lawful control of the property.

The Ordinance also provides the following definitions:

> *Charitable food services* means providing food without charge, payment or other compensation to benefit those in need at an outdoor location not owned, leased or controlled by the individual or organization providing the food.
>
> *Food service event* means each instance in which charitable food services are provided to more than five individuals.

(Instrument No. 9 at 3).

On May 6, 2019, Plaintiffs filed their Original Complaint alleging the Ordinance prohibited them from exercising their constitutional rights to share food with members of their community. (Instrument No. 1). On July 17, 2019, Defendant filed a Motion to Dismiss Plaintiffs' Original Complaint. *Id.*

On August 7, 2019, Plaintiffs filed their First Amended Complaint. (Instrument No. 9). On August 21, 2019, Defendant filed a Motion to Dismiss as to Plaintiffs' First Amended Complaint. (Instrument No. 11). On October 2, 2019, Plaintiffs filed a Response in Opposition to Defendant's Motion to Dismiss. (Instrument No. 16). On October 9, 2019, Defendant filed a Reply in Support of their Motion to Dismiss. (Instrument No. 18).

## II.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not contain "detailed factual allegations," but it must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint does not meet the pleading requirements of Rule 8, Rule 12(b)(6) authorizes dismissal of a civil action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must articulate "the

2

plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Stated otherwise, in order to withstand a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010).

When ruling on a 12(b)(6) motion, the Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal citations and quotations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court does not resolve any disputed fact issues. *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). Instead, the Court assumes all well-pleaded facts contained in the complaint are true. *Wolcott*, 635 F.3d at 763. The Court will not, however "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (internal quotation omitted). Similarly, legal conclusions masquerading as factual conclusions need not be treated as true. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995); *see also Iqbal*, 556 U.S. at 678. Although all well-pleaded facts are viewed in the light most favorable to the plaintiff, *Turner*, 663 F.3d at 775; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), the Court "will not strain to find inferences favorable to the plaintiff." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th

3

Cir. 2008) (internal citations and quotations omitted). Therefore, to avoid a dismissal for failure to state a claim, a plaintiff must plead specific facts. *Dorsey*, 540 F.3d at 338.

### III.

Plaintiffs challenge the enacted Ordinance alleging that it is unconstitutional, facially and as-applied under the First and Fourteenth Amendments. (Instrument No. 9). Plaintiffs further allege that the Ordinance is vague and overbroad. (Instrument No. 9). Defendant alleges the statute of limitations bars recovery and that Plaintiffs lack standing. (Instrument No. 11). Defendant argues that Plaintiffs' claims fail because (1) the ordinance does not interfere with Plaintiffs' First Amendment rights, (2) the Ordinance is narrowly drawn and contains reasonable and definite standards, (3) the statute of limitations bars recovery, (4) Plaintiffs lack standing, and (5) the Ordinance is not vague because it provides clear and understandable standards. (Instrument No. 11). As a preliminary matter, this Court will first address the issue of standing, which Plaintiffs' Response does not address.

In order to invoke the power of a federal court, Article III requires litigants to have standing. *Elk Grove Unified Sch. Dist., v. Newdow*, 542 U.S. 1, 11 (2004). To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Hein*, 551 U.S. at 598 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). The party invoking the jurisdiction of a federal court bears the burden of establishing the elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

A plaintiff must first establish that they have suffered an "injury in fact." *See Newdow*, 542 U.S. at 12. The injury alleged must be "distinct and palpable." *Allen*, 468 U.S. at 751. Abstract injury in not enough to confer standing. *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). A plaintiff

must establish that she "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Id.* at 101–02 (internal citations omitted). The mere existence of an allegedly vague or overbroad statute can establish a sufficient injury to support standing. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 660 (5th Cir. 2006). However, allegations of chilled speech or self-censorship "must arise from a fear of prosecution that is not 'imaginary or wholly speculative.'" *Id.* If Plaintiffs cannot establish injury, they have no standing and their unconstitutional challenges fail. *See Freedom Path, Inc. v. IRS*, 913 F.3d 503, 506–08 (5th Cir. 2019) (holding plaintiff lacked standing to pursue their facial challenge because there was no injury in fact); *Henderson v. Stalder*, 287 F.3d 374, 380 (5th Cir. 2002) (plaintiffs "failed to alleged 'an injury in fact' and, therefore, lack standing to challenge the facial constitutionality of [the] statute").

Plaintiffs have not shown they have been injured by the enactment of the Ordinance. Plaintiffs allege that they "fear[] arrest for [their] food sharing activities throughout Houston." (Instrument No. 9 at 5–6). Plaintiffs fears, however, do not rise to the level of injury needed to confer standing because they are nothing more than conjecture and speculation. There is nothing in the record to suggest, and Plaintiffs have not provided any evidence, that they have been cited under the Ordinance or have been threatened with possible citations. Plaintiffs have not been arrested and have not shown that they are in immediate danger of being arrested. The Ordinance does not completely prohibit all food service events. The Ordinance only requires permission from property owners when those events engage more than five individuals. This too, does not rise to the injury required under Article III. Even if Plaintiffs' fears of arrest amount to an injury, their fears are not distinct, concrete nor imminent. Plaintiffs have failed to establish standing and

therefore, this Court lacks jurisdiction to hear their complaint. Because Plaintiffs lack standing, this Court need not address Plaintiffs' remaining claims.

Accordingly, Defendant's motion to dismiss based on Plaintiffs' lack of standing is **GRANTED**.

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED**. **(Instrument No. 11).**

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 10th day of February, 2020.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**